**UNITED STATES of America,**
**Appellant,**

v.

**Frank S. CANNONE et al., Appellees.**

**UNITED STATES of America,**
**Appellant,**

v.

**Raymond D. MASCIARELLI and**
**Lawrence Schultz, Appellees.**

**No. 142, Docket 75–1201.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 4, 1975.

Decided Sept. 26, 1975.

Rehearing and Rehearing En Banc
Denied Feb. 17, 1976.

Dante M. Scaccia, Syracuse, N. Y. (Love, Balducci & Scaccia, Syracuse, N. Y.), for appellees Masciarelli and McGrath.

James P. Shanahan, Syracuse, N. Y., for appellee Lawrence Schultz.

Before SMITH, HAYS and MESKILL, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

The United States appeals from an order entered by Judge Port in three criminal cases pending in the United States District Court for the Northern District of New York, requiring the pretrial disclosure of the names (and addresses) of all the government's witnesses and providing for the exclusion of the testimony of those witnesses not duly identified. The defendants contend that the order was within the court's discretion, and most of them also claim that the order is not appealable.[1] The government contends that the order is appealable and that the court lacked authority to enter the order or, in the alternative, that the issuance of the order constituted an abuse of discretion. We hold that the order is appealable, that the court had authority to enter it, but that the record does not establish that under the circumstances of this case the order was within the allowable scope of the court's discretion. We reverse and remand.

Two indictments and twelve defendants are involved in this appeal. One indictment contains three counts charging eleven persons. Ten of these persons are charged in count one with conducting an illegal gambling business in violation of 18 U.S.C. §§ 2 and 1955 and in count two with conspiring to conduct such a business in violation of 18 U.S.C. § 371. The third count of the first indictment charges one of the ten and an eleventh with obstruction of justice by beating a grand jury witness in violation of 18 U.S.C. §§ 2 and 1503. The second indictment charges one of the defendants charged in the first indictment and a twelfth with unlawful use of interstate

Eugene Welch, Asst. U. S. Atty. (James M. Sullivan, Jr., U. S. Atty., N. D. N. Y., of counsel), for appellant.

---

1. Defendant-appellee Schultz concedes the order's appealability. Appellee's brief at 3–4.

wire communication facilities in the business of betting, in violation of 18 U.S.C. §§ 2 and 1084(a). The four counts included in the two indictments have been ordered apportioned among three trials: a trial of the first two counts of the first indictment, a trial of the third count of the first indictment, and a trial of the single count of the second indictment.

On March 11, 1975, after various discovery motions relating to statements, recordings, and similar matters, a discovery order was entered in which the court inadvertently included an order for pretrial discovery of the names (and addresses) of the government's witnesses.[2] The government promptly moved that this provision be reconsidered and stricken. In support of its motion, the government emphasized that two of the defendants were already charged with beating a grand jury witness, and it submitted to the court for *in camera* inspection materials purportedly evidencing two additional instances of attempts to influence witnesses. In opposition to the motion, the defendants contended that disclosure of the identity of the government's witnesses was necessary to the preparation of an adequate defense and that the accusation that two of the defendants had beaten a grand jury witness was unfounded. On April 18, 1975, after examining the materials submitted by the government, the court denied the government's motion, but, at the government's request, on May 1, 1975, the court amended its March 11 order by adding the provision that the testimony of any government witness whose identity was not disclosed would be excluded at trial. The government appealed the amended order on May 8, 1975.

■ The first question raised is the appealability of the order. We agree with the Sixth Circuit that such an order is appealable under 18 U.S.C. § 3731 because of its provision for the sanction of exclusion.[3] *See United States v. Battisti,* 486 F.2d 961 (6th Cir. 1973).

The next question is whether the district court had the discretion to enter an order requiring the government to disclose the identity of its witnesses. As the government concedes, nowhere in the United States Code or the Federal Rules of Criminal Procedure are district courts explicitly authorized or forbidden to order pretrial disclosure of government witnesses in non-capital cases. As far as this question is concerned, however, we reject the government's contention that the trial court had no general discretion to require the disclosure of the identity of the government's witnesses. *See United States v. Richter,* 488 F.2d 170, 173–74 (9th Cir. 1973):

> It is recognized that wide latitude is reposed in the district court to carry out successfully its mandate to effectuate, as far as possible, the speedy and orderly administration of justice. "A federal court has the responsibility to supervise the administration of criminal justice in order to ensure fundamental fairness." *United States v. Baird,* 414 F.2d 700, 710 (2d Cir. 1969), cert. denied, 396 U.S. 1005, 90 S.Ct. 559, 24 L.Ed.2d 497 (1970). It would be ill-advised to limit improvidently this inherent power for fear of misuse. The firing point of the legal system is with the trial judge who is best situated to administer the law and protect the rights of all. Such discretion is not limitless, but appellate review provides a proper check. Therefore, we are not disposed to hold that the district court may never order the government to divulge names of prospective witnesses.

---

2. The court expressly conceded the inadvertence of the order for pretrial discovery of the identity of the government's witnesses. Transcript of hearing on April 14, 1975 at 15.

3. 18 U.S.C. § 3731 provides in pertinent part:

An appeal by the United States shall lie to a court of appeals from a decision or order of a district courts [sic] suppressing or excluding evidence . . . not made after the defendant has been put in jeopardy . . . .

\* \* \* \* \* \*

The provisions of this section shall be liberally construed to effectuate its purposes.

The general discretion of district courts to compel the government to identify its witnesses is acknowledged widely, although the source of this discretion is subject to some disagreement.[4]

■ The government's arguments in support of its contention that district courts lack general discretion to compel the disclosure of the identity of government witnesses are not persuasive. First, apparently relying on the maxim *inclusio unius est exclusio alterius*, the government argues that Congress' requirement of pretrial disclosure of the identity of government witnesses in capital cases under 18 U.S.C. § 3432 demonstrates that Congress intended no such disclosure in non-capital cases. At most, however, even assuming Congress to be a totally consistent body, the enactment of § 3432 and of no other specific provisions for pretrial disclosure of government witnesses indicates that Congress did not intend that district courts be *compelled* to order such disclosure in non-capital cases—an indication which is by no means inconsistent with district courts possessing the discretionary power to order such disclosure.

■ The government's second argument is equally dubious. The government contends that 18 U.S.C. § 3500(a) and a parallel provision in Fed.R. Crim.P. 16(b), which prohibit the compulsory pretrial disclosure of *statements* of government witnesses, somehow evidence Congress' intent that district courts not have the discretion to compel the pretrial disclosure of the *names* of government witnesses. Ironically, however, application here of the maxim *inclusio unius est exclusio alterius*, implicitly invoked by the government in its first argument, supports the argument that Congress elected not to restrict the courts' power to compel pretrial disclosure of the identity of government witnesses (in non-capital cases).

■ The government's final line of argument is perhaps the most dubious of all. It centers on two of Congress' recent alterations of the proposed amendments to the Federal Rules of Criminal Procedure. Specifically, Congress deleted Proposed Rule 16(a)(1)(E), 62 F.R.D. 305 (1974), which would have mandated pretrial disclosure of the names of government witnesses upon defense demand, and made a conforming change in Proposed Rule 16(d)(1), 62 F.R.D. 307 (1974), which would have en-

---

4. See, *e. g., United States v. Jackson*, 508 F.2d 1001, 1005–07 (7th Cir.), *petition for rehearing denied*, 508 F.2d 1001 (7th Cir. 1975) (upholding, on basis of trial court's "inherent power," dismissal of indictment on grounds of government's refusal to comply with pretrial order to identify its witnesses); *United States v. Anderson*, 481 F.2d 685, 693 (4th Cir. 1973), *aff'd*, 417 U.S. 211, 94 S.Ct. 2253, 41 L.Ed.2d 21 (1974) (expressly recognizing district court's discretion under Fed.R. Crim.P. 16 to compel pretrial disclosure of identity of government witnesses); *United States v. Cole*, 449 F.2d 194, 198 (8th Cir. 1971), *cert. denied*, 405 U.S. 931, 92 S.Ct. 987, 30 L.Ed.2d 806 (1972) (expressly recognizing district court's general discretion to compel pretrial disclosure of government witnesses); 8 J. Moore, *Federal Practice*, ¶ 16.03[3] at 16–26 (2d ed. 1965) (trial courts' "inherent power" to compel pretrial disclosure of government witnesses in the possible absence of authority to do so under Fed.R. Crim.P. 16) & ¶ 16.05[4] at 16–58 (noting " 'grey area' [under Fed.R. Crim.P. 16(b) ] respecting pretrial discovery of the identity . . . of government witnesses"); *see United States v. Baum*, 482 F.2d 1325, 1331 n. 3 (2d Cir. 1973) (obligation on part of prosecution to disclose identity of its witnesses absent justification for concealment); *United States v. Fink*, 502 F.2d 1, 7 (5th Cir. 1974), *cert. denied*, 421 U.S. 911, 95 S.Ct. 1562, 43 L.Ed.2d 775 (1975) ("the question of the extent of defense discovery, at least that discovery which requires judicial assistance, is a matter within the discretion of the trial court"); *cf. Will v. United States*, 389 U.S. 90, 99, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967) (acknowledging district courts' power to require disclosure of identity of "some" government witnesses in response to defense's motion for bill of particulars pursuant to Fed.R. Crim.P. 7(f); *but see United States v. Conder*, 423 F.2d 904, 910 (6th Cir.), *cert. denied*, 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267 (1970) (expressly declaring that identity of government witnesses is not discoverable under Fed.R. Crim.P. 16(b) and strongly implying that courts do not in general have authority to compel disclosure of such information).

abled the government in some instances to obtain a protective order against disclosure demands made pursuant to Proposed Rule 16(a)(1)(E). 121 Cong.Rec. H 7681 (daily ed. July 28, 1975). The government argues first that the fact that these amendments were initially proposed indicates that district courts at that point did not have the authority to compel disclosure of the identity of government witnesses. This argument is clearly without merit. In the first place, the contemporaneous opinions of the sponsors of these proposed amendments are not legally determinative of the present power of district courts. Secondly, the proposed amendment provided for a general *right* to discovery of government witnesses on the part of defendants, not discretionary judicial power to compel such discovery. And even if it had provided for discretionary power of this sort, often legislatures codify non-statutory law or recodify ambiguous statutory law. Without a trace of misgivings about this first argument, the government proceeds to make the additional one that Congress' deletion of Proposed Rule 16(a)(1)(E) somehow buttresses the government's contention that district courts do not have the authority to compel pretrial disclosure of the identity of its witnesses. Once again, the government appears to manifest the belief that the current opinions of Congress are in some way determinative of the legal power of federal courts. Perhaps, the government ignores the fact that, although Congress has acted on the proposed amendments to the Rules, these amendments, with one immaterial exception, will not take effect until December 1, 1975. Even if these amendments were assumed to be currently in effect and even if Congress were assumed to have the power under the Constitution to restrict the courts' authority to require pretrial disclosure of government witnesses, the courts would probably at this date still possess this authority. The government argues that much weight should be given to a statement made by Senator McClellan, in connection with the deletion of Proposed Rule 16(a)(1)(E), to the effect that the courts' power to compel discovery of government witnesses should be limited to that required by the constitutional rights of defendants. 121 Cong.Rec. S 14301 (daily ed. July 30, 1975). If, however, weight is to be given to any statements as indications of Congressional intent, more significance should be accorded the relevant portion of the clearly more authoritative Joint Explanatory Statement of the Committee of Conference which states:

A majority of the Conferees believe it is not in the interest of the effective administration of criminal justice to *require* that the government or the defendant be forced to reveal the names and addresses of its witnesses before trial. Discouragement of witnesses and improper contacts directed at influencing their testimony, were deemed paramount concerns in the formulation of this policy.

121 Cong.Rec. H 7683 (daily ed. July 28, 1975) (emphasis added). Thus, the Committee appears to express a desire that courts not be *required* to force disclosure of the identity of government witnesses, not a desire that courts not have the discretionary power to force such disclosure.

For a similar discussion of the government's arguments in support of its contention that district courts lack the general authority to compel pretrial disclosure of the identity of government witnesses, see *United States v. Jackson*, 508 F.2d 1001, 1005–07 (7th Cir. 1975), *petition for rehearing denied*, 508 F.2d 1001 (7th Cir. 1975).

■ While district courts have authority to compel pretrial disclosure of the identity of government witnesses, their use of this authority is reviewable for abuse of discretion.[5] Thus, the final

---

**5.** *United States v. Jackson, supra* note 4, at 1007; *United States v. Anderson, supra* note 4, at 693; *United States v. Richter, supra* at 174– 75; *United States v. Cole, supra* note 4, at 198; 8 J. Moore, *Federal Practice,* ¶ 16.03[3] at 16– 26 (2d ed. 1965).

question raised by this appeal is whether, given the particular circumstances of this case, the court was within the allowable scope of its discretion when it ordered disclosure of the identity of the government's witnesses. For the reasons hereinafter expressed, we find that the record does not demonstrate that it was.

Brief consideration of some of the consequences of pretrial disclosure of the identity of government witnesses illuminates the need to afford courts the discretion to determine whether such disclosure should be compelled. The most potent argument for compulsory disclosure of the identity of the prosecution's witnesses is that, without the benefit of such disclosure, the defense may be substantially hampered in its preparation for trial. At a minimum, pretrial ignorance of the identity of the prosecution's witnesses tends to detract from the effectiveness of the defense's objections and cross-examination. Although continuances, which tend to mitigate the detrimental effects of unpreparedness, are sometimes obtainable, not only are they merely a partial solution to the problem of unpreparedness but, in addition, their prolongation of trials is of course costly to both the government and the defendant. While, primarily for these reasons, disclosure of the identity of government witnesses is often desirable, intimidation of witnesses and subornation of perjury are not unknown, *United States v. Percevault*, 490 F.2d 126, 131 (2d Cir. 1974); nor, for that matter, is actual injury to witnesses. Accordingly, in some instances, the concealment of the identity of government witnesses is appropriate. Presumably, the question whether in a particular case the benefits of such concealment outweigh its costs can generally be dealt with much more reliably after, rather than before, the case has materialized. Consequently trial judges need discretion in this area.

In *United States v. Richter, supra* at 174–75, the Ninth Circuit explicitly addressed the problem of supervising the discretionary power of district courts to compel disclosure of the identity of government witnesses. The court in *Richter* held that, although this power is not encompassed within Fed.R. Crim.P. 16, but rather is "inherent" in the courts, it should, nevertheless, be utilized as if it were governed by Rule 16(b). Accordingly, the court concluded, first, that a motion for disclosure of the identity of government witnesses should only be considered "upon a showing of materiality to the preparation of [the defendant's] defense and that the request is reasonable," (Fed.R. Crim.P. 16(b) ) and, second, that the government should be able to oppose such disclosure by moving for a protective order similar to that provided for under Rule 16(e). *United States v. Richter, supra* at 175:

> Following these procedures will insure that there is an adequate basis for requesting such discovery and will afford the government a known method for resisting the request. Furthermore, the procedures will produce a record which will enable and facilitate appellate review when it is claimed that the trial judge abused his considerable discretion.

The court in *Richter* then proceeded to the consideration of the case before it. The court held that the record was insufficient to establish that the trial judge had not abused his discretion in ordering the pretrial disclosure of the identity of certain government witnesses since the only justification for the judge's ruling reflected in the record was a defendant's "mere statement" "that discovery was reasonable and was necessary in order to prepare properly for trial." *Id.* The court clearly would have been satisfied only if the record had evidenced that the defendant had supplemented his conclusory claim with a *specific* showing that disclosure was both material to the preparation of his defense and reasonable in light of the circumstances surrounding his case.

 Here, as appeared to be the case in *Richter*, to justify its request for disclosure of the identity of government witnesses, the defense made only an ab-

stract, conclusory claim that such disclosure was necessary to its proper preparation for trial. In the instant case, the district court clearly abused its discretion in granting such discovery. Here the government advanced specific grounds for denying the defense's requests for discovery of the identity of the government's witnesses. It is not even necessary to consider the materials which the government submitted to the court for *in camera* inspection; for purposes of this opinion, it is enough that the government reminded the court that two defendants had already been indicted for obstructing justice by beating a grand jury witness since the government's advancement of this fact for the court's consideration was sufficient to put the desirability of the discovery order into issue. The indictment of the two defendants for this crime necessarily involved a finding by a grand jury of probable cause to believe that the crime had been committed. The district court, nevertheless, granted the defense's discovery request without any meaningful explanation. Conceivably, the court could have rationally based its decision on one of two grounds: either that the defense's need for the disclosure outweighed the possible dangers accompanying disclosure (*i. e.*, subornation of perjury, witness intimidation, and injury to witnesses) or that no such dangers existed despite the government's protestations to the contrary.[6] But the de-

fense presented the court with no specific evidence of the existence, much less the extent, of its need for disclosure to counter the government's evidence of the need for concealment; nor does the record reflect either that the court sua sponte made any specific inferences in this regard or that the court concluded that the danger claimed by the government was negligible. To uphold the court's ruling under these circumstances would virtually preclude the possibility of any meaningful supervision of the district courts' power of granting (as opposed to denying) motions for the pretrial discovery of the identity of government witnesses. Here, where a specific showing of need for concealment by the government was not challenged by a specific showing of need for disclosure by the defendant, an unannounced conclusion either that the government's opposition to disclosure was groundless or that the expected benefit of discovery outweighed its expected cost is not sufficient. Accordingly, we hold that the district court in the instant case committed reversible error in sustaining without meaningful explanation the defense's motion for pretrial discovery of the identity of the government's witnesses despite both the presence of specific evidence of the need for concealment and the absence of specific evidence of the need for disclosure.

Reversed and remanded.

---

**6.** Even the conceivability of the court having justifiably discounted totally the government's contention of a need for the pretrial concealment of the identity of its witnesses is doubtful, for the government's contention was predicated, not on merely its own accusations, but rather on an indictment issued by a grand jury. While by no means conclusive, the is-

suance of an indictment is certainly probative of the likely validity of its charges, which, if valid in the case of the third count of the first indictment in the instant case, would in turn clearly be probative of the government's assertion of a need to conceal the identity of its witnesses.