UNITED STATES of America

v.

Irving RUSSELL, Defendant.

No. 76 Cr. 230.

United States District Court, S. D. New York.

May 4, 1976.

Robert J. Jossen, Asst. U. S. Atty., New York City, for U. S.

John P. Curley, The Legal Aid Society, New York City, for Russell.

## MEMORANDUM

STEWART, District Judge:

Defendant, Irving Russell, is charged in a one count indictment with theft of property used by the postal service. 18 U.S.C. § 1707. Allegedly, the defendant stole nine blank postal rate commission checks.

Defendant has asked us to compel pretrial discovery of names of the government's witnesses and of statements made by two witnesses whom the government has interviewed and who have apparently refused to speak with defense counsel.[1]

In seeking pretrial disclosure of witness lists, defendant relies upon *United States v. Cannone,* 528 F.2d 296 (2d Cir. 1975), as modified by court order of February 17, 1976. In *Cannone,* the Second Circuit concluded that "district courts have authority to compel pretrial disclosure of the identity of government witnesses . . . ." *Cannone, supra* at p. 300. To determine if a district court acted properly and within its discretionary power to compel disclosure, the Second Circuit examined whether the defense had established that its case would

be "substantially hampered in its preparation for trial" [*supra* at 301], whether the government had demonstrated the need for concealment in order to protect the witnesses, and finally, whether "the benefits of such concealment outweigh its costs." *Cannone, supra* at 301. In *Cannone,* the Court of Appeals found that the trial court had abused its discretion by granting pretrial discovery. In reaching this conclusion, the Court noted that the government had demonstrated that two of the defendants had already been indicted for "obstructing justice by beating a grand jury witness." *Cannone, supra* at 302. The defense had failed to provide specific evidence of the need for disclosure and thus had not outweighed the specific showing made by the government.

Here, the defense alleges that it "needs" the witness lists and the statements of two potential witnesses because the defense is premised upon Russell's explanation that the appropriation of checks was inadvertent. Defendant asserts that the government's rejection of his explanation of the incident coupled with its decision not to prosecute one of the two "witnesses" who had also been arrested with Russell, is evidence that the government possesses information not available to the defense but central to its ability to prepare for trial. In addition to the witness lists, the defendant asks that the court inspect, *in camera,* the statements made by Maria Corbliss and by Matthew Corbliss and that the court meet with these two to obtain an explanation of why they have refused to meet with defense counsel.[2] Defendant believes that the

---

1. While some of these statements may be revealed under 18 U.S.C. § 3500, the defense seeks this information considerably in advance of the time when the statute compels disclosure. At oral argument, the government stated that it would provide the information "as far in advance as possible" and in advance of the "eve of trial." [Hearing of April 6, 1976]. We rely upon these representations which indicate to us that witnesses' statements will be released considerably before the trial date. Our opinion here deals only with statements which would not be produced pursuant to 18 U.S.C. § 3500.

The government has further offered to disclose the names of any witnesses who will testify at trial to "prior or subsequent misconduct of the defendant" [memorandum in opposition at p. 7] one week in advance of trial.

2. Defendant does not allege that the government has failed to disclose exculpatory material [*Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)], nor does he allege that the court could compel the witnesses who are not under legal process to consult with the defense.

witnesses may be confused about their freedom to discuss the case with the defense.

 The government urges that the defense has not met its burden of demonstrating that disclosure of witnesses' names is material or necessary. In fact, the defendant has admitted in its memorandum that "he is more interested in two potential witnesses already known," [at p. 4] than in obtaining names of other potential witnesses. While we also note that the government has failed to meet its burden of showing that any harm will come from disclosure of witnesses' names, we conclude that the defense has failed here to sustain its initial burden under *Cannone*. Thus, we decline to order the government to disclose other witnesses' names.[3] We also decline to inspect statements made by Maria Corbliss and Matthew Corbliss, for there has been no allegation that exculpatory material is involved. In order to insure that these two witnesses are fully aware of their rights to speak freely with both the prosecution and the defense, we order the government to apprise them of their rights; we will not require them to explain why they have refused thus far to speak with the defendant's counsel.[4]

We note in conclusion that we fully support the trend towards increased pretrial discovery in criminal cases. We commend the government for the voluntary disclosures which we have seen it make in the past and we urge it to continue to provide discovery so as to eliminate unfair surprise and provide the defense with the full opportunity to adequately prepare its defense.

Motion for pretrial production of witness lists denied.

SO ORDERED.

3. *See also United States v. Villa*, 370 F.Supp. 515 (D.Conn.1974).

4. For a discussion of the right of access to prospective witnesses, *see* generally *United States v. Scott*, 518 F.2d 261, 267–268 (6th Cir. 1975) and *United States v. Matlock*, 491 F.2d 504 (6th Cir. 1974), *cert. denied*, 419 U.S. 864,

95 S.Ct. 119, 42 L.Ed.2d 100 (1974). The Second Circuit has not fully explored the proper parameters of the prosecution's role in discouraging witnesses from being interviewed by defense counsel. *See United States v. Leonard*, 524 F.2d 1076, 1093 (2d Cir. 1975), U.S. appeal pending, 1976.