**UNITED STATES of America,**

v.

**Raymond LUC LEVASSEUR, et al.,
Defendants, Appellees,**

**Witnesses "X", "Y" and "Z",
Petitioners, Appellants.**

No. 87–1730.

United States Court of Appeals,
First Circuit.

Submitted July 21, 1987.

Decided Aug. 17, 1987.

Roger Geller, Geller & Weinberg, Boston, Mass., C. William Phillips, Howard, Darby & Levin, New York City, Barry W. Johnson and Batchelor & Johnson, P.C., Oklahoma City, Okl., on brief, for appellants.

Raymond Luc Levasseur, pro se, Peter J. Avenia, Gombiner & Avenia, New York City, Jaan Karl Laaman, pro se, Steven C. Schlang, and Schlang & Burrows, William Newman, Lesser, Newman, Souweine & Nasser, Northampton, Mass., Elizabeth M. Fink, Brooklyn, N.Y., Robert Boyle, Kenneth J. King, Fenn & King, Jamaica Plain, Mass., Linda Thompson, Thompson, Thompson, Nagel & Jacobson, Springfield, Mass., Barry Wilson, and Wilson & Schneider, on brief, for appellees.

Frank L. McNamara, Jr., U.S. Atty., Michael K. Loucks, Asst. U.S. Atty., and Kevin F. Driscoll, Asst. U.S. Atty., Boston, Mass., on brief, for U.S., amicus curiae.

Before CAMPBELL, Chief Judge, BOWNES and TORRUELLA, Circuit Judges.

PER CURIAM.

Petitioners "X", "Y" and "Z" sought to appeal a district court order requiring the

government to disclose promises, rewards, and inducements made to any witness which the government intends to call in its cases-in-chief in *United States v. Raymond Luc Levasseur et al.*, No. 86–180–Y, (D.Mass.). X, Y and Z are government witnesses who argue that such disclosure, by its very nature, will require disclosure of their identities, that the defendants are violent and desperate people with a network of associates, some of whom remain at large, that they fear for their lives and the safety of their families, and that the threat presented by disclosure of their identities far outweighs any countervailing present need for the information by the defendants. Affidavits in support of their concern for the safety were submitted *ex parte* to the district court. The district court rejected the petitioners' contentions and ordered the information produced by Friday, July 10, 1987. On that date, this court granted an emergency stay of the district court order and ordered that the appeal be expedited. Briefs were submitted and the affidavits were transferred under seal to this court.

On July 24, 1987, this court terminated the emergency stay pending appeal. In that order, we indicated that it was unclear from the record to what extent disclosure of promises, rewards, and inducements would reveal the identities of the petitioners and stated that our termination of the stay pending appeal was without prejudice to the petitioners to seek protective orders and further relief from the district court. We now address the appeal and elaborate upon additional considerations underlying our order of July 24, 1987.

Neither the petitioners nor the government dispute the fact that the defendants are entitled to the information which the district court order requires the government to produce. The dispute concerns the timing of this disclosure. Both the petitioners and the government stress the violent nature of the crimes with which the defendants have been charged and allege that at least one of the petitioners, "X", had been threatened in the past with death if that individual ever disclosed information about the defendants and their alleged organization and activities. The petitioners allege that it is "months" before their testimony will occur and that no compelling need for disclosure in advance of their testimony has been shown.

There is nothing before us, however, which supports this allegation, vaguely worded, that the petitioners' testimony will not occur for some "months." Trial of one of the defendants, Christopher King, has been severed from that of the remaining co-defendants and is scheduled to begin on July 27, 1987. Scheduling of matters, such as discovery disclosures, is within the scope of the district court's discretion. We do not doubt the sincerity of the petitioners' expressions of fear for their safety and that of their family. We are equally confident that the district court judge gave considered thought to the materials before him in weighing the risk of intimidation or injury to the petitioners against the need for disclosure to the defendants at this time. We note that the government has indicated that "X" is not likely to be called as a witness and that the district court has expressly excepted from the present order of disclosure those witnesses who are to be called, if at all, as rebuttal witnesses. In view of the imminence of trial and based upon the record before us, we can find no abuse of discretion in the district court order. *Cf. United States v. Higgs*, 713 F.2d 39, 44–45 (3d Cir.1983), *cert. denied*, 464 U.S. 1048, 104 S.Ct. 725, 79 L.Ed.2d 185 (1984) (district court abused its discretion in ordering disclosure, one week prior to trial, of names and addresses of government witnesses who had been offered immunity and/or leniency as well as the substance of any promises made to those witnesses in light of the government's presentation of specific corroborated evidence of threats made by or through the defendants); *United States v. Cannone*, 528 F.2d 296, 300–02 (2d Cir.1975) (district court abused its discretion in ordering pretrial disclosure of names and addresses of all government witnesses in case where two of the defendants had been indicted for obstructing justice by beating a grand jury witness and where defense made only abstract, conclu-

sory claim that disclosure was necessary to proper preparation for trial).

In light of our disposition of this appeal, the defendants' motion to expand the record is moot.

*Affirmed.*