UNITED STATES of America

v.

Kenneth MANLEY and Peter Vigliotti, Defendants.

No. 91 Civ. 424 (RPP).

United States District Court, S.D. New York.

Jan. 28, 1992.

Otto G. Obermaier, U.S. Atty., S.D.N.Y., New York City by Karen J. Patton, Asst. U.S. Atty., for the Government.

Benjamin Brafman, P.C., New York City by Benjamin Brafman, Charles A. Ross, for defendant Peter Vigliotti.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Defendant Peter Vigliotti moves (1) for an order dismissing the indictment on the ground that the grand jury was misled and misinformed by the Government's presentation of evidence before that body and (2) for an order compelling the Government to disclose information about the confidential informant in this case including but not limited to his name, date of birth, and nature of any previous criminal record.

Defendant Vigliotti is charged with Codefendant Kenneth Manley in a one-count indictment for conspiracy to purchase ten kilograms of cocaine from two confidential informants of the United States Drug Enforcement Administration. For the reasons stated below, Defendant Vigliotti's motions are denied.

## DISCUSSION

1. Motion to Dismiss

■ Defendant's motion to dismiss is based on his counsel's information and belief that the Government relied in its grand jury presentation "on their general policy of using the testimony of a single, hearsay witness before the grand jury." [1] Def. Aff. in Supp. at 7. Although Defendant quotes the statement in *United States v. Brito*, 907 F.2d 392, 395 (2d Cir.1990), that "we cannot conclude at this time either that the single-witness policy constitutes such a 'systematic and pervasive' prosecutorial misconduct as would undermine fundamental fairness, or that the rights of either

---

1. It should be noted that the Government proffers that a witness with personal knowledge of the facts testified before the grand jury and offers the grand jury minutes for in camera ex parte review.

defendant were violated before the grand jury," Defendant notes that the *Brito* opinion looked "with disfavor" on the shortcomings of this single-witness policy. *Id.* Counsel for Vigliotti cites, and attaches the briefs of the parties in, *United States v. Campusano,* then sub judice in the Second Circuit, in which the same argument was raised.

■ On November 26, 1991, the Second Circuit affirmed the convictions in *United States v. Campusano,* 952 F.2d 394 (2d Cir.1991). Moreover, prior Second Circuit precedent firmly establishes that it is permissible for the Government to rely solely on hearsay evidence in its presentation to the grand jury. *See, e.g., United States v. Torres,* 901 F.2d 205, 233 (2d Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 273, 112 L.Ed.2d 229 (1990); *United States v. Dyman,* 739 F.2d 762, 767 (2d Cir.1984), *cert. denied,* 469 U.S. 1193, 105 S.Ct. 969, 83 L.Ed.2d 973 (1985). The *Brito* court merely expressed disfavor with the single-witness policy and specifically refused to find that the single-witness policy so undermined fundamental fairness as to justify dismissal of the indictment. This Court does not find sufficient support in that case for Defendant's assertion that the single-witness policy "amounts to systematic prosecutorial misconduct." Def. Aff. in Supp. at 8. Defendant's motion to dismiss is denied.

2. Disclosure of Information on Confidential Informant

■ The Defendant's motion for disclosure of the identity of the informants is also not well-founded. The affidavit of counsel for the Defendant summarizes the allegations in the indictment as follows: that on April 16, 1991 a confidential informant, "Sam," approached Defendant Manley regarding the sale of cocaine; that Manley then convinced Defendant Vigliotti to become involved; that both Defendants met with "Sam" and another confidential informant, "Mario," on April 17, 1991; that both Defendants were arrested on April 18, 1991 as they arrived to meet the informants; and that arresting agents found $130,000 in cash on the floor of Defendants' car, another $5000 in cash on Mr. Manley's person, and a small glass vial on Mr. Vigliotti's person containing a pink fluid which Drug Enforcement Agent Bennett has stated is used to test for cocaine hydrochloride.

The Government alleges that Defendant Manley has a prior narcotics felony conviction and has pleaded guilty to the single count of the indictment in the instant case. It is hard to see how under these circumstances Defendant Vigliotti can successfully develop a "derivative entrapment defense" credible to a jury on the basis that Defendant Manley was induced by agents or employees of the Government to commit the alleged acts and then entrapped Defendant Vigliotti. *Cf. United States v. Valencia,* 645 F.2d 1158, 1172 & n. 19 (2d Cir. 1981) (finding that trial court erred in improperly withdrawing derivative part of entrapment defense of defendant who did not affirmatively introduce evidence that he was not involved and where co-defendant furnished evidence of her own inducement by government informant).

Defendant's general reference to a potential entrapment defense stands in contrast to *DiBlasio v. Keane,* 932 F.2d 1038, 1042 (2d Cir.1991), upon which Defendant relies. The *DiBlasio* Court, in finding that disclosure at time of trial of the identity of a government informant was required, noted that the defendant "did more than posit the possibility of entrapment; he introduced evidence which, if believed, would establish this defense." The *DiBlasio* court distinguished a case in which "a defendant … failed to make any evidentiary presentation whatsoever of his entrapment defense." *Id.* (discussing *United States v. Gonzales,* 606 F.2d 70, 75 (5th Cir.1979)). Indeed, counsel for Defendant Vigliotti states that he is not representing a finalized position on a defense at trial. Def. Aff. in Supp. at 11.

Moreover, the Government has represented that "Sam" and "Mario" will be called as witnesses at trial and has represented that the defense will be provided with their complete identities at the time of

trial, including criminal records, if any, and impeachment materials. Gov.Mem. in Opp. at 6. This clearly would constitute compliance with *DiBlasio v. Keane.* In narcotics cases, early disclosure of informants' true names with other identifying information can have repercussions that can prevent a fair trial. *See United States v. Taylor,* 707 F.Supp. 696, 703 (S.D.N.Y.1989). The Defendant here has not made the necessary showing of a special or particularized need for the information requested. *See United States v. Bejasa,* 904 F.2d 137, 139–40 (2d Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 299, 112 L.Ed.2d 252 (1990); *United States v. Cannone,* 528 F.2d 296, 301–02 (2d Cir. 1975). Nothing in the moving papers shows that the disclosure requested is both material to the preparation of the Defendant's defense and reasonable in light of all the circumstances. *Bejasa,* 904 F.2d at 139–40; *Cannone,* 528 F.2d at 301–02. Accordingly, this Court will not require the disclosure of such information to the defense counsel until immediately before trial. Nothing herein should be deemed to preclude the Defendant from raising this issue once his defense is finalized in the days immediately before trial. *See United States v. Saa,* 859 F.2d 1067, 1072–73 (2d Cir.1988), *cert. denied,* 489 U.S. 1089, 109 S.Ct. 1555, 103 L.Ed.2d 858 (1989).

## CONCLUSION

The Defendant's motions are denied. Counsel and the Defendant should attend a conference to set a trial date on February 3, 1992, at 9:00 a.m.

IT IS SO ORDERED.