98 F.3d 1333
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
IN RE UNITED STATES of America, Petitioner.
UNITED STATES of America, Appellant,
v.
Dwayne OWENS, et al., Defendants, Appellees.
 Nos. 96-1843, 96-1866.
 United States Court of Appeals, First Circuit.
 Oct. 4, 1996.
 
 Donald K. Stern, United States Attorney, Andrea N. Ward, Gary S. Katzmann, Jeffrey A. Locke and Allison D. Burroughs, Assistant United States Attorneys, on brief for appellant and petitioner.
 Miriam Conrad on brief for appellee Dwayne Owens.
 John M. Moscardelli on brief for appellee Keillen Smith.
 John Salsberg on brief for appellee Johnny Stephens. Michael Liston on brief for appellee Coleman Essex. Michael C. Bourbeau on brief for appellee Fernando Owens. Bernard Grossberg on brief for appellee Robert Owens. James J. Coviello on brief for appellee Gordon Lowe. Michael C. Andrews on brief for appellee Wayne Meadows.
 Before Torruella, Chief Judge, Selya and Stahl, Circuit Judges.
 PER CURIAM.
 
 
 1
 Even assuming, without deciding, that we have jurisdiction to consider this interlocutory appeal, see 18 U.S.C. § 3731; United States v. Kane, 646 F.2d 4, 8 (1st Cir.1981), we would not reverse the district court's refusal to review the government's ex parte memorandum. Such a decision is committed to the discretion of the district court. See Fed.R.Crim.P. 16(d)(1); see also United States v. Levasseur, 826 F.2d 158, 159 (1st Cir.1987); see generally United States v. Napue, 834 F.2d 1311, 1317-19 (7th Cir.1987).
 
 
 2
 The record does not support the government's assertions that the district court misunderstood its authority in that regard or nullified Rule 16(d)(1). To the contrary, read as a whole, the July 30 transcript indicates that the district court was aware of its discretion, but not persuaded to exercise it in the government's favor, and did not see the need in this particular case to review the ex parte memorandum. Although the district court made some rather broad comments about refusing ex parte materials in general, it also gave the government a chance to describe the type of information contained in the memorandum and weighed the value of that type of information against the risk of prejudice to the defendants, all in the context of addressing the government's witness-safety concerns.
 
 
 3
 Further, in these circumstances, mandamus relief is not warranted. See Doughty v. Underwriters at Lloyd's, London, 6 F.3d 856, 865 (1st Cir.1993); Kane, 646 F.2d at 9.
 
 
 4
 The order is affirmed, and the petition for mandamus is dismissed. The limited stay granted by this court is lifted. See 1st Cir. Loc. R. 27.1.