USCA1 Opinion

 

 October 4, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1843 IN RE: UNITED STATES OF AMERICA, Petitioner. ____________________ ON PETITION FOR MANDAMUS TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ No. 96-1866 UNITED STATES OF AMERICA, Appellant, v. DWAYNE OWENS, ET AL., Defendants, Appellees. ______________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ________________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ Donald K. Stern, United States Attorney, Andrea N. Ward, Gary S. _______________ ______________ ________ Katzmann, Jeffrey A. Locke and Allison D. Burroughs, Assistant United ________ ________________ ____________________ States Attorneys, on brief for appellant and petitioner. Miriam Conrad on brief for appellee Dwayne Owens. _____________ John M. Moscardelli on brief for appellee Keillen Smith. ___________________ John Salsberg on brief for appellee Johnny Stephens. _____________ Michael Liston on brief for appellee Coleman Essex. ______________ Michael C. Bourbeau on brief for appellee Fernando Owens. ___________________ Bernard Grossberg on brief for appellee Robert Owens. _________________ James J. Coviello on brief for appellee Gordon Lowe. _________________ Michael C. Andrews on brief for appellee Wayne Meadows. __________________ ____________________ ____________________ Per Curiam. Even assuming, without deciding, that we __________ have jurisdiction to consider this interlocutory appeal, see ___ 18 U.S.C. 3731; United States v. Kane, 646 F.2d 4, 8 (1st _____________ ____ Cir. 1981), we would not reverse the district court's refusal to review the government's ex parte memorandum. Such a __ _____ decision is committed to the discretion of the district court. See Fed. R. Crim. P. 16(d)(1); see also United States ___ ________ _____________ v. Levasseur, 826 F.2d 158, 159 (1st Cir. 1987); see _________ ___ generally United States v. Napue, 834 F.2d 1311, 1317-19 (7th _________ _____________ _____ Cir. 1987).  The record does not support the government's assertions that the district court misunderstood its authority in that regard or nullified Rule 16(d)(1). To the contrary, read as a whole, the July 30 transcript indicates that the district court was aware of its discretion, but not persuaded to exercise it in the government's favor, and did not see the need in this particular case to review the ex parte __ _____ memorandum. Although the district court made some rather broad comments about refusing ex parte materials in general, __ _____ it also gave the government a chance to describe the type of information contained in the memorandum and weighed the value of that type of information against the risk of prejudice to the defendants, all in the context of addressing the government's witness-safety concerns. -3- Further, in these circumstances, mandamus relief is not warranted. See Doughty v. Underwriters at Lloyd's, London, 6 ___ _______ _______________________________ F.3d 856, 865 (1st Cir. 1993); Kane, 646 F.2d at 9.  ____ The order is affirmed, and the petition for mandamus is ________ dismissed. The limited stay granted by this court is lifted. _________ ______ See 1st Cir. Loc. R. 27.1. ___ -4-