**UNITED STATES OF AMERICA**

v.

**James H. GIFFEN, Defendant.**

**No. S1 03 CR.404(WHP).**

United States District Court,
S.D. New York.

July 2, 2004.

Philip Urofsky, U.S. Department of Justice, Washington, D.C., for International Litigation Fraud Section.

Steven M. Cohen, William J. Schwartz, Scott J. Pashman, Matthew E. Beck, Kevin D. Galbraith, Kronish, Lieb, Weiner & Hellman LLP, New York, New York, for Defendant.

## MEMORANDUM AND ORDER

PAULEY, District Judge.

Defendant James H. Giffen ("Defendant" or "Giffen") is charged in a 65–count superseding indictment (the "Indictment") with making unlawful payments totaling more than $78 million to Nurlan Balgimaev, the former Prime Minister and Oil Minister of the Republic of Kazakhstan, and Nursultan Nazarbaev, the current President of Kazakhstan (collectively, "senior Kazakh officials"), in violation of the Foreign Corrupt Practices Act, 15 U.S.C. § 78dd–2 *et seq.*, mail and wire fraud statutes, 18 U.S.C. §§ 1341, 1343, 1346, money laundering statutes, 18 U.S.C. §§ 1956, 1957, and the federal income tax laws. 26 U.S.C. § 7206, 7212. The underlying contours of this case are described in a Memorandum and Order, dated July 2, 2004, addressing the Defendant's motion to dismiss. Familiarity with that Memorandum and Order is presumed.

Currently before this Court is Giffen's motion seeking: (1) discovery concerning a possible public authority defense; (2) identification of the Government's trial exhibits; (3) identification of the Government's trial witnesses; (4) disclosure of Rule

404(b) evidence; (5) disclosure of summary charts; (6) a bill of particulars; and (7) discovery pursuant to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), and the Jencks Act, 18 U.S.C. § 3500.

For the reasons set forth below, Defendant's motion is granted in part and denied in part.

## DISCUSSION

### I. Evidence Pertinent to a Public Authority Defense

Giffen moves for disclosure of documents to evaluate and prepare a public authority defense. (Memorandum in Support of Defendant's Pretrial Motions ("Def.Mem.") at 31.) Where a defendant commits a criminal act in reliance on actual authority from an adequately empowered government official, he may assert the affirmative defense of public authority. *See United States v. Duggan,* 743 F.2d 59, 83–84 (2d Cir.1984). Giffen contends that his challenged actions were taken with the knowledge and support of senior officials at United States intelligence and national security agencies. (Def. Mem. at 31.) Giffen contends that his activities with senior Kazakh officials were at the behest of the Central Intelligence Agency ("CIA"), the National Security Council ("NSC"), the Department of State and the White House. (Def. Mem. at 33–34; Transcript of Oral Argument, dated June 3, 2004 ("Tr.") at 51–53.)

The Government does not dispute the fact that Giffen had frequent contacts with senior intelligence officials of the United States, or that he used his ties within the Kazakh government to assist the United States. (Tr. at 59.) It argues, however, that Rule 16 only requires production of documents within the access and control of the prosecution—not the entirety of the Executive Branch. (Government Opposition to Defendant's Pretrial Motions ("Opp.Mem.") at 43–44; Tr. at 63.) Consequently, the Government asserts that it need not produce documents that are not within the prosecutor's possession, or those not used in grand jury proceedings. (Opp. Mem. at 43–46.) It further contends that Giffen is seeking an expansive set of documents and, therefore, he cannot demonstrate their materiality to the preparation of a public authority defense.[1]

■ The public authority defense is available when a defendant commits an illegal act in reasonable and sincere reliance on a statement or act of a government agent with actual legal authority to empower the commission of that illegal act. *See Duggan,* 743 F.2d at 83–84 (holding that the public authority defense requires reliance by defendant upon actual authority from an adequately empowered government official to commission the illegal act). A defendant must demonstrate that the challenged illegal actions were undertaken pursuant to actual authority from a government official empowered to authorize

---

1. In his Rule 16 request, Giffen seeks "any and all written or recorded statement, and the substance of any oral statement whether or not subsequently memorialized in writing, made by Mr. Giffen, or by Mr. Giffen's alleged coconspirators, or by any other person, to investigating officers or third parties, which relate in any way, directly or indirectly, to the charges in this case and the existence of which is known or by the exercise of due diligence may become known to the government." (Declaration of Kevin D. Galbraith, dated March 12, 2004 ("Galbraith Aff.") Ex. S: Giffen's discovery request.) He further seeks "all documents and records, including classified documents and records," reflecting communications between Giffen and fifteen former and current government officials from the CIA, NSC, the Department of State and the White House. (Galbraith Aff. Ex. S.)

them. *See Duggan,* 743 F.2d at 83–84; *United States v. Schwartz,* 924 F.2d 410, 422 (2d Cir.1991).

▮▮▮ Rule 16 of the Federal Rules of Criminal Procedure requires the Government to permit a defendant access to documents and other information within the "government's possession, custody, or control" if the item is material to preparing the defense. *See* Fed.R.Crim.P. 16(a)(1)(E)(i); [2] *see also United States v. Rigas,* 258 F.Supp.2d 299, 306 (S.D.N.Y. 2003) ("Rule 16(a)(1)(E)(i) entitles a defendant to documents or other items that are material to preparing arguments in response to the prosecution's case-in-chief.") (*citing United States v. Armstrong,* 517 U.S. 456, 462, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996)). A document is material if "it could be used to counter the government's case or to bolster a defense; information not meeting either of those criteria is not to be deemed material within the meaning of the Rule merely because the government may be able to use it to rebut a defense position." *United States v. Stevens,* 985 F.2d 1175, 1180 (2d Cir.1993) (internal citations omitted). Evidence is material if its pretrial disclosure will enable a defendant to alter significantly the quantum of proof in his favor. *United States v. McGuinness,* 764 F.Supp. 888, 895 (S.D.N.Y.1991); *accord United States v. Maniktala,* 934 F.2d 25, 29 (2d Cir. 1991). Conclusory allegations, however, are insufficient to establish materiality. *McGuinness,* 764 F.Supp. at 895. It is defendant's burden to make a prima facie showing that the documents sought are material to preparing his defense. *See McGuinness,* 764 F.Supp. at 894.

▮▮▮ Giffen has not yet interposed a public authority defense. Instead, he seeks discovery of documents to determine whether that defense is available to him. (Def. Mem. at 33; Reply Memorandum in Support of Defendant's Pretrial Motion ("Reply Mem.") at 25–26.) Giffen provides sufficient details from publicly available sources that describe his involvement in Kazakhstan on behalf of the United States government. (Def. Mem. at 31–33 (citing recent books and articles that chronicle Giffen's actions in Kazakhstan on behalf of the United States government).) For example, Robert Baer characterizes Giffen as the "de facto ambassador to Kazakhstan," and describes how Giffen helped the United States stop Kazakhstan from selling sophisticated weapons to North Korea and Iran. (Galbraith Decl. Ex. P: Robert Baer, *See No Evil: The True Story of a Ground Soldier in the CIA's War on Terrorism* 241–42 (Crown Publishers 2002).) If the United States was encouraging Giffen to ingratiate himself to senior Kazakh officials through his financial dealings with them, then Giffen may be able to assert a public authority defense. *See Duggan,* 743 F.2d at 83–84. As the public authority defense would immunize Giffen, documents pertaining to such a defense are material. *See Stevens,* 985 F.2d at 1180.

The Government's argument that Rule 16 only requires production of documents within the prosecutor's possession or direct control is not persuasive. Rule 16 is an "anti-withholding provision[ ]." *United States v. Trevino,* 556 F.2d 1265, 1272 (5th Cir.1977). A prosecutor is not "allowed to avoid disclosure of evidence by the simple expedient of leaving relevant evidence to repose in the hands of another agency while utilizing his access to it in preparing his case for trial." *Trevino,* 556 F.2d at 1272; *see also United States v. Bryan,* 868 F.2d 1032, 1035–36 (9th Cir.1989) (scope of

---

**2.** Rule 16(a)(1)(E)(i), formerly Rule 16(a)(1)(C), was re-lettered for stylistic purposes on December 1, 2002. *See* Fed. R.Crim.P. 16 advisory committee note (2002).

Rule 16 obligation turns on "the extent to which prosecutor has knowledge of and access to the documents sought by the defendant in each case").

■ Documents that the Government has reviewed or has access to must be provided to aid a defendant in preparing his defense. *See, e.g., United States v. Santiago,* 46 F.3d 885, 894 (9th Cir.1995) (extending Rule 16 obligation to documents possessed by Bureau of Prisons, where prosecutors "had knowledge of and access to" documents); *United States v. Zuno–Arce,* 44 F.3d 1420, 1427 (9th Cir. 1995) (prosecutor is "deemed to have knowledge of and access to anything in the custody or control of any federal agency participating in the same investigation of the defendant"); *Trevino,* 556 F.2d at 1272 (noting that evidence accessible to the prosecution must be turned over to defendant, even if evidence is not within prosecution's "physical possession"); *United States v. NYNEX Corp.,* 781 F.Supp. 19, 25 (D.D.C.1991) (holding that prosecution must produce materials possessed by other federal agencies allied with the prosecution).

■ The prosecutor need not, however, produce documents from agencies that did not participate in the investigation of the defendant or documents of which it is unaware. *United States v. Avellino,* 136 F.3d 249, 255 (2d Cir.1998) (declining to impose unlimited duty on prosecutor to inquire of other offices not working with prosecutor's office on the case, because to do so would be to adopt a "monolithic view of the government" that ultimately would lead to prosecutorial paralysis); *see also United States v. Volpe,* 42 F.Supp.2d 204, 221 (E.D.N.Y.1999) ("Where the two prosecution teams within the United States Attorney's office are not involved in a joint investigation, and where the prosecution does not have access to the material re-

quested, the 'government' is not required to produce the requested material."); *United States v. Guerrerio,* 670 F.Supp. 1215, 1219 (S.D.N.Y.1987) (denying Rule 16 discovery request where there was no joint investigation with Bronx District Attorney's office and United States Attorney's Office had no control over Bronx material). In other words, the prosecutor is not required to conduct a separate investigation for the purpose of responding to a defendant's discovery requests. *See Avellino,* 136 F.3d at 255. Accordingly, the Government must produce only those documents to which it has access.

■ The Government acknowledges that it reviewed documents relating to Giffen and Mercator at the CIA and the Department of State during the course of its investigation. (Opp. Mem. at 46 n. 13; Tr. at 58–59.) Giffen is entitled to review those classified documents to assess the viability of a public authority defense. To the extent issues relating to compliance with the Classified Information Procedures Act (CIPA) arise, they can be addressed in subsequent motion practice. *See* 18 U.S.C.App. III; *see also United States v. Rezaq,* 134 F.3d 1121, 1142 (D.C.Cir.1998) ("When classified materials may be relevant to criminal proceedings, [CIPA] provides procedures designed to protect the rights of the defendant while minimizing the associated harm to national security."); *United States v. Cardoen,* 898 F.Supp. 1563, 1569 (S.D.Fla.1995) ("[CIPA] 'established a procedural framework for ruling on questions of admissibility involving classified information before introduction of the evidence in open court'") (*quoting United States v. Anderson,* 872 F.2d 1508, 1514 (11th Cir.1989)); *United States v. Poindexter,* 732 F.Supp. 135, 137 (D.D.C. 1990).

## II. *Identification of Exhibits*

Giffen requests that the Government identify the documents that it intends to use at trial. (Def. Mem. at 37–38.) The Government has produced approximately 450 boxes of documents, containing more than one million pages. Giffen seeks an exhibit list two months in advance of trial. (Def. Mem. at 37–38).

■ Relying on *United States v. Nachamie,* the Government maintains that a district court lacks the authority under Rule 16 to direct the Government to identify the documents and tapes it intends to offer at trial. 91 F.Supp.2d 565, 570 (S.D.N.Y. 2000). It further argues that because Giffen "is personally familiar with most of the documents, and his able and well-financed defense team has had ample time to review and analyze [the documents produced by the Government]," he does not need an exhibit list two months before trial. (Opp. Mem. at 55.) Notwithstanding this position, the Government consents to provide Giffen with "ample notice" of its exhibits before offering them into evidence. (Opp. Mem. at 55.)

The district court's decision in *Nachamie* about the scope of Rule 16 conflicts with decisions by other courts in this circuit. *United States v. Lino,* No. 00 CR. 632(WHP), 2001 WL 8356, at *19 (S.D.N.Y. Dec.29, 2000). At least two district courts have held that based on the policy concerns of Rule 16 and principles of fairness, it is within a district court's authority to direct the Government to identify the documents it intends to rely on in its case in chief. *See United States v. Upton,* 856 F.Supp. 727, 748 (E.D.N.Y. 1994) (directing prosecution to "provide a list of all documents to be referred to or relied upon by government witnesses"); *United States v. Turkish,* 458 F.Supp. 874, 882 (S.D.N.Y.1978) (directing prosecution

"to identify to the defendants those documents it intends to offer, or to use or to refer to in connection with the testimony of any witness, on its case in chief"). In addition, the Second Circuit has recognized a district court's inherent authority to regulate the nature and timing of discovery. *United States v. Cannone,* 528 F.2d 296, 298 (2d Cir.1975).

To ensure an efficient presentation at trial, this Court directs the Government to provide a preliminary trial exhibit list and copies of those exhibits to the Defendant no later than thirty days prior to the start of trial. The Government may supplement its exhibit list at any time, including during trial, in good faith.

The Government is entitled to reciprocity from the Defendant. Accordingly, Giffen is directed to provide a preliminary trial exhibit list and copies of those exhibits to the Government at the start of trial or no later than thirty days prior to the start of the Defendant's case, depending on the anticipated length of the Government's case in chief. Giffen may supplement his exhibit list at any time, including during trial, in good faith.

Pursuant to Rule 12.3 of the Federal Rules of Criminal Procedure, Defendant is to provide Government with written notice of his intention to mount a public authority defense sixty days before trial.

## III. *Witness List*

Giffen requests that the Government identify its potential trial witnesses. The Government opposes Defendant's request. The Government contends that in light of Giffen's central role in the alleged illicit actions, he cannot claim a lack of awareness of the Government's likely witnesses. (Opp. Mem. at 58.) Further, to the extent

the Government seeks the testimony of foreign witnesses, it avers that it will identify them in advance of trial. (Opp. Mem. at 58.) In that regard, this Court recently received a letter application, identifying Michael Ellis, a former employee of Credit Agricole Indosuez, and Jean Francois Fouquet, a current employee of Credit Agricole Indosuez.

 A defendant is not entitled to the Government's witness list prior to trial. *See United States v. Bejasa*, 904 F.2d 137, 139 (2d Cir.1990). A district court, however, has discretion to compel pretrial disclosure of the Government's witnesses, where a defendant makes "a specific showing that disclosure [is] both material to the preparation of his defense and reasonable in light of the circumstances surrounding his case." *Cannone*, 528 F.2d at 301; *see also Nachamie*, 91 F.Supp.2d at 579.

 Giffen fails to make a specialized showing of need. Because the Government's potential witnesses are likely part and parcel of Giffen's alleged illegal acts, he should already know their identities. Further, the Government has disclosed the identities of the senior Kazakh officials whom it alleges were bribed. Accordingly, Giffen's request for immediate production of a witness list is denied.

Nevertheless, the Government is directed to provide a list of witnesses it intends to call in its case in chief no later than ten business days prior to the start of trial.

## IV. *Rule 404(b) Evidence*

 Defendant moves for notice of the Government's 404(b) evidence two months prior to trial. (Def. Mem. at 41.) The Government opposes the motion, offering instead to provide Rule 404(b) material thirty days prior to start of trial. (Opp. Mem. at 59.)

Rule 404(b) of the Federal Rules of Evidence requires the Government to provide "reasonable notice" in advance of trial of its intent to use other-act evidence. The purpose of the notice provision is "to reduce surprise and promote early resolution" of any challenge to admissibility of the proffered evidence. Fed.R.Evid. 404(b) advisory committee note (1991). "While notice is typically provided no more than two to three weeks before trial, a longer period is appropriate [where there is an] absence of any threat to the safety of prospective witnesses and the . . . Rule 404(b) evidence [is important to] th[e] action." *Nachamie*, 91 F.Supp.2d at 577 (internal citations and quotations omitted). Reasonable notice of Rule 404(b) evidence does not, however, require the Government to provide unduly early notice. *See United States v. Santos*, No. 98 Cr. 736(RWS), 1999 WL 4912, at *7 (S.D.N.Y. Jan. 05, 1999). "Indeed, early disclosure presents a significant burden on preparation of the [G]overnment's case." *Santos*, 1999 WL 4912, at *7. "Rule 404(b) . . . sets no minimum time for action by the [G]overnment in [disclosure requests], nor would any time limit be appropriate, since the evidence the [G]overnment wishes to offer may well change as the proof and possible defenses crystallize." *United States v. Matos–Peralta*, 691 F.Supp. 780, 791 (S.D.N.Y.1988).

Accordingly, this Court directs the Government to provide notice of all Rule 404(b) material no later than forty-five days before the start of trial.

## V. *Summary Evidence*

Defendant requests that the Government be required to produce any summary evidence it intends to offer in its case in

chief one month prior to trial. (Def. Mem. at 45.) The Government opposes the motion, offering instead to provide its summary evidence "sufficiently in advance of [its] introduction into evidence." (Opp. Mem. at 63.) There is no requirement that the Government provide disclosure of its summary evidence in advance of trial. However, this Court directs the Government to disclose its summary evidence no later than five days before the start of trial. The Government may supplement its summary evidence disclosure in good faith at any time during trial.

## VI. *Bill of Particulars*

Defendant seeks a bill of particulars identifying the senior Kazakh officials whom he allegedly bribed, as well as his alleged co-conspirators. (Def. Mem. at 45.) The Government has disclosed the identities of the senior Kazakh officials. (Opp. Mem. at 4.) With respect to Giffen's alleged co-conspirators, the Government argues that there is no need to disclose their identities because the Indictment informs Giffen of the charges against him with sufficient precision so as to enable him to prepare his defense. (Opp. Mem at 64.)

■■■■ Rule 7(f) of the Federal Rules of Criminal Procedure allows a defendant to seek a bill of particulars in order to enable him "to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky,* 820 F.2d 572, 574 (2d Cir. 1987); *see also United States v. Torres,* 901 F.2d 205, 234 (2d Cir.1990). The prosecution generally need not particularize all of its evidence, so long as the defendant is adequately informed of the charges against him. *Torres,* 901 F.2d at 234; *United*

*States v. Davidoff,* 845 F.2d 1151, 1154 (2d Cir.1988). However, if necessary to give the defendant enough information about the charge to prepare his defense, a bill of particulars will be required even if the effect is disclosure of the Government's evidence or theories. *Barnes,* 158 F.3d at 665.

■■■■ A district court should deny a bill of particulars "if the information sought by a defendant is provided in the indictment or in some acceptable alternative form." *Bortnovsky,* 820 F.2d at 574; *see also Barnes,* 158 F.3d at 665. A bill of particulars is not meant to be an investigative tool for the defense, nor is its purpose to reveal the Government's evidence prior to trial. *See Torres,* 901 F.2d at 234. The ultimate test in deciding whether a bill of particulars should be ordered is whether the information sought is necessary, as opposed to helpful, in preparing a defense. *See United States v. Percan,* No. 98 CR. 392(AGS), 1999 WL 13040, at *5 (S.D.N.Y. Jan.13, 1999); *United States v. Guerrerio,* 670 F.Supp. 1215, 1224 (S.D.N.Y.1987). Requiring a bill of particulars is within the sound discretion of the district court. *United States v. Barnes,* 158 F.3d 662, 665–66 (2d Cir.1998).

■■■■ In this case, the charges in the Indictment are specific and detailed. The Indictment alleges a series of acts, identifies few co-conspirators, and describes the alleged bribing scheme, including, specific dates, locations and monetary amounts. (Superseding Indictment, dated March 15, 2004 ¶¶ 1–125.) *Compare United States v. Reddy,* 190 F.Supp.2d 558, 570 (S.D.N.Y. 2002) (denying bill of particulars where there were few defendants and little likelihood that defendants would be surprised by the identity of any unnamed co-conspir-

ators), *with Lino*, 2001 WL 8356, at *12–13 (granting bill of particulars where overall conspiracy involved several co-conspirators who engaged in temporally distant and distinct schemes, involving wide-ranging predicate acts and amounts of commerce).

Together with discovery, the Indictment is sufficient to advise Giffen of the charges against him, enable him to prepare fully for trial, avoid unfair surprise, and preclude a second prosecution for the same offense. *See Torres*, 901 F.2d at 234–35 (denying bill of particulars in heroin distribution conspiracy where the "indictment adequately advises defendants of the specific acts of which they are accused" and efforts were "ill-disguised attempts at general pre-trial discovery"); *United States v. Mitlof*, 165 F.Supp.2d 558, 569 (S.D.N.Y. 2001) (denying bill of particulars where defendant sought details of the "wheres, whens and with whoms") (internal quotation marks omitted); *United States v. Trippe*, 171 F.Supp.2d 230, 240 (S.D.N.Y. 2001) (denying bill of particulars where indictment and discovery "sufficiently advise[d] [defendant] of the crime charged and the general outline of the government's case against him"). Accordingly, Giffen's motion for a bill of particulars is denied.

## VII. *Request for Discovery of Brady, Giglio and 3500 Materials*

■ Giffen seeks disclosure of exculpatory evidence at least two months prior to trial, pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and its progeny. (Def. Mem. at 43–44.) The Government recognizes its continuing obligation to disclose such material and notes that it will continue to provide full disclosure. (Opp. Mem. at 62.) Such representations are sufficient to satisfy the

Government's *Brady* obligations. *See United States v. Coppa*, 267 F.3d 132, 144 (2d Cir.2001) (noting that *Brady* requires the production of exculpatory and impeachment material in sufficient time for the defense to use it effectively); *Patterson*, 2002 WL 31890950, at *10 (denying defendant's motion to compel expedited production of *Brady* material); *United States v. Martinez–Martinez*, No. 01 Cr. 307(AGS), 2001 WL 1287040, at *5 (S.D.N.Y. Oct. 24, 2001) (same); *Lino*, 2001 WL 8356, at *14–17 (same). Accordingly, Giffen's motion for an order directing the Government to produce *Brady* material is denied.

■ Giffen also seeks disclosure of exculpatory evidence at least two months prior to trial, pursuant to *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). (Def. Mem. at 44–45.) He additionally seeks production of Jencks Act material one month prior to trial. (Def. Mem. at 42–43.)

■ In the Second Circuit, *Giglio* materials, like *Brady* materials, must be disclosed "in time for [their] effective use at trial." *Coppa*, 267 F.3d at 142. The immediate disclosure of *Giglio* material upon a defendant's request, or at any time prior to trial, is not required. *Coppa*, 267 F.3d at 140. Here, the Government proposes to provide *Giglio* materials in time for their use at trial. (Opp. Mem. at 61.) Normally, it is the Government's responsibility to determine when such material must be disclosed to permit its effective use, but this responsibility is subject to the authority of the court to determine, as a matter of sound case management, when the Government shall disclose *Giglio* material. *Coppa*, 267 F.3d at 143–146; *Martinez–Martinez*, 2001 WL 1287040, at *5.

The Court chooses to exercise such authority here and directs the Government to provide all *Giglio* material relating to its witnesses no later than 5:00 p.m. on the Friday before the Government anticipates calling that witness to testify on direct examination.

 With respect to any statements by Government witnesses, the Jencks Act, 18 U.S.C. § 3500, prohibits a district court from ordering pretrial disclosure of witness statements before their direct testimony at trial. *Coppa*, 267 F.3d at 145. Therefore, this Court denies Defendant's motion with respect to his request for this material. To the extent that any material the Government would be required to produce under the Jencks Act is also *Giglio* material, the Government is ordered to produce such information with the related *Giglio* material. If, however, the Government believes that any such production of *Giglio* material poses a threat to the safety of any potential witness, it may make an *ex parte* letter application to this Court for modification of this requirement.

## CONCLUSION

For the foregoing reasons, defendant's motion for a bill of particulars and other discovery is granted in part and denied in part.