**UNITED STATES of America, Appellee,**

v.

**Angelo ELUSMA and Charles F. Darlington III, Appellants.**

**Nos. 1060, 920, Dockets 87–1519, 87–1525.**

United States Court of Appeals, Second Circuit.

Argued/Submitted May 2, 1988.

Decided June 10, 1988.

Harry R. Pollak, New York City, for appellant Elusma.

Janet E. Cunard, Morosco & Cunard, White Plains, N.Y., for appellant Darlington.

Avraham C. Moskowitz, Asst. U.S. Atty. (Rudolph W. Giuliani, U.S. Atty. for the S.D.N.Y., Celia Goldwag Barenholtz, Asst. U.S. Atty., of counsel), for appellee.

Before OAKES, KEARSE, and CARDAMONE, Circuit Judges.

OAKES, Circuit Judge:

Angelo Elusma and Charles F. Darlington III appeal judgments entered in the United States District Court for the Southern District of New York, Charles L. Brieant, Chief Judge, convicting them of knowingly preparing and filing false and fraudulent forms with the Immigration and Naturalization Service ("INS") in violation of 18 U.S.C. §§ 1001 and 2 (1982). Elusma also appeals his conviction on one count of conspiracy, 18 U.S.C. § 371 (1982) to defraud the United States and to violate 18 U.S.C. §§ 1001 and 1546 (1982 & Supp. IV 1986). Unpersuaded by any of appellants' numerous arguments, we affirm.

## BACKGROUND

On September 11, 1986, a twenty-count indictment was returned against Charles F. Darlington III, Arlene Cureton, Denise Oliver, Patricia Parris, Angelo Elusma, and Jean Louissaint. Count One charged all defendants with conspiring to defraud the United States and with arranging sham marriages to enable Haitians to become permanent residents of the United States, in violation of 18 U.S.C. § 371 (1982). Counts Two through Twenty charged that in connection with seventeen sham marriages the defendants knowingly prepared and filed with the INS false and fraudulent Forms I–130 (Petition to Classify Status of an Alien Relative for the Issuance of an Immigrant Visa) and Forms G–28 (Notice of Entry of Appearance as Attorney or Representative), in violation of 18 U.S.C. §§ 1001 and 2 (1982).

A second indictment was filed on November 24, 1986, against Darlington, Clyde May, Michelle Griffin, and Bonita MacIntosh. Count One charged them with conspiracy in violation of 18 U.S.C. § 371 (1982), and Counts Two through Nine charged them with knowingly preparing and filing false and fraudulent Forms I–130 and G–28 in connection with eight sham marriages, in violation of 18 U.S.C. §§ 1001 and 2 (1982).

Four defendants, Griffin, Cureton, Oliver, and Parris, pled guilty before trial, and two others, Louissant and Day, were convicted on all counts against them after separate jury trials.

A jury trial of Darlington on both indictments and of Elusma on the first indictment commenced on February 19, 1987, before Chief Judge Charles L. Brieant of the United States District Court for the Southern District of New York. Evidence was introduced that marriage arrangers such as Elusma matched Haitians who were anxious to obtain permanent resident alien status in the United States with United States citizens willing to enter a sham marriage for a fee. The marriage arrangers introduced the prospective spouses and then took them to obtain blood tests and a marriage license, and then went with them to the marriage ceremony. Immediately thereafter, the arrangers brought the couple to Darlington's law office. Darlington briefly interviewed the couple, after which the United States citizen spouse would sign blank Forms I–130 and G–28. Darlington would later complete the forms with false information representing that the couple lived together at a specific address when the couple was not living there and never intended to live as husband and wife.

As to the counts on which the appellants were convicted, evidence showed that false forms were filed concerning the marriage of Andrew Parris and Janise Accius (Count 6); the marriage of Lisa Beechum and Inorable Alincar (Count 10); the marriage of Albert Eric Scott, a/k/a Albert Thomas, and Merita D'Haiti (Count 18); the marriage of Sonya Faulkner and Luis Du-

quesne Absolu (Count 19); and the marriage of Denise Oliver and Herbert Pierette (Count 20).

The trial concluded on March 16, 1987, after the jury declared itself unable to reach a verdict. Darlington and Elusma waived their right to a jury trial and requested that Judge Brieant render a verdict based on the record developed at the jury trial. In a Memorandum and Order filed on June 2, 1987, Judge Brieant found Darlington guilty on four counts of knowingly preparing and filing false forms with the INS, Counts 6, 10, and 18 of the first indictment and Count 8 of the second, and acquitted him of the remaining false filing counts and of the conspiracy count. The judge's order acknowledged that Darlington had "showed himself to be a pillar of the community and fine family man." 86 Cr. 779, 1017 (June 2, 1987). Judge Brieant found Elusma guilty of conspiracy to defraud the United States, Count 1, and of knowingly preparing and filing false forms, Counts 19 and 20.

Darlington filed a motion for a new trial, claiming *Brady* and Jencks Act violations and newly discovered evidence. After extensive argument, Judge Brieant denied the balance of the motion, finding "no violation of the *Brady* rule or Section 3500" and that the evidence developed through post-trial interviews and handwriting analysis was not newly discovered. Judge Brieant did, however, vacate Darlington's conviction on Count 8 of the second indictment and entered a judgment of acquittal on that count. Acknowledging the good reputation in the community that Darlington once enjoyed, Judge Brieant sentenced him to concurrent terms of one year and one day imprisonment and Elusma to concurrent terms of eighteen months' imprisonment.

## DISCUSSION

■ Elusma first contends that his convictions for aiding and abetting the preparing and filing of false documents with INS must be reversed because Darlington,

who actually prepared and filed the documents, was acquitted on Counts 19 and 20. It is true that a defendant cannot be convicted of aiding and abetting pursuant to 18 U.S.C. § 2(a), absent proof that a principal committed a criminal offense. *United States v. Ruffin*, 613 F.2d 408, 412 (2d Cir.1979). Just as an aider and abetter must share in the principal's essential criminal intent, "the principal must be shown to have had the 'essential criminal intent.'" *United States v. Tashjian*, 660 F.2d 829, 842 (1st Cir.) (quoting *United States v. Sanborn*, 563 F.2d 488, 491 (1st Cir.1977)), *cert. denied*, 454 U.S. 1102, 102 S.Ct. 681, 70 L.Ed.2d 646 (1981); *see also United States v. Powell*, 806 F.2d 1421, 1424 (9th Cir.1986). As Judge Brieant acquitted Darlington on Counts 19 and 20 because he found that "[t]he record ... fails to show proof beyond a reasonable doubt of scienter," Elusma cannot be convicted of aiding and abetting Darlington on these counts.

Nevertheless, we affirm Elusma's convictions on Counts 19 and 20. The evidence showed that false immigration petitions were submitted to INS on behalf of Luis Absolu and Herbert Pierette by their purported citizen spouses, Denise Oliver and Sonya Faulkner, and that Oliver and Faulkner were knowing signatories of false petitions. Notwithstanding the fact that neither Oliver nor Faulkner was indicted, Elusma may be convicted of aiding and abetting the filing of false forms, *see Powell*, 806 F.2d at 1424, because all the elements of the offense of aiding and abetting are present: "the commission of the underlying offense by someone, a voluntary act or omission, and a specific intent that such act or omission promote the success of the underlying criminal offense," *United States v. Perry*, 643 F.2d 38, 46 (2d Cir.), *cert. denied*, 454 U.S. 835, 102 S.Ct. 138, 70 L.Ed.2d 115 (1981).

■ Elusma's other argument on appeal is that there was insufficient evidence to convict him of conspiracy. We disagree. The evidence showed that he recruited three United States citizens to enter sham

marriages with Haitians, that he drove the three couples to obtain blood tests and to the marriage ceremony, and that he admitted to Cureton that he had arranged a number of other sham marriages.

Darlington's five arguments merit little discussion. He contends that the trial court erred by not considering character evidence and absence of motive on the substantive counts. Yet Judge Brieant recognized Darlington as "a pillar of the community and fine family man." Moreover, neither character nor lack of motive negates the elements of the crimes of which Darlington was convicted. *Cf. United States v. Bagaric,* 706 F.2d 42, 53–54 (2d Cir.), *cert. denied,* 464 U.S. 840, 104 S.Ct. 133, 78 L.Ed.2d 128 (1983).

■ Second, Darlington contends that the uncorroborated testimony of accomplices such as Cureton and Parris was insufficient to support the verdict. An accomplice's testimony, however, need not be corroborated to establish guilt. *Caminetti v. United States,* 242 U.S. 470, 495, 37 S.Ct. 192, 198, 61 L.Ed. 442 (1917); *United States v. Bermudez,* 526 F.2d 89, 99 (2d Cir.1975), *cert. denied,* 425 U.S. 970, 96 S.Ct. 2166, 48 L.Ed.2d 793 (1976). Judge Brieant credited testimony which established that Darlington knew that he was filing false documents.

Darlington next argues that the court improperly relied on the theory of conscious avoidance in finding him guilty of filing false documents relating to the marriage of Andrew Parris and Janise Accuis. We disagree. The circumstances suggest that the marriage of Accuis and Parris was a sham so that the trial court could properly conclude that Darlington "deliberately disregarded the probable falsity" of the documents he prepared for filing with the INS.

■ Darlington argues that the Government failed to produce *Brady* and Jencks materials. We see no reason to disagree with Judge Brieant's finding of "no violation of the *Brady* rule or Section 3500."

*Cf. United States v. Petrillo,* 821 F.2d 85, 88 (2d Cir.1987) (trial court's rulings on withholding of allegedly exculpatory evidence given great deference). Although the agents failed to produce their handwritten notes of interviews with potential witnesses, precedent in this circuit holds that they need not preserve such notes if the agents incorporate them into formal reports, *United States v. Barlin,* 686 F.2d 81, 92 (2d Cir.1982); *United States v. Sanchez,* 635 F.2d 47, 66 n. 20 (2d Cir.1980); *cf. United States v. Gotchis,* 803 F.2d 74, 78 (2d Cir.1986) (distinguishing agents' notes from informants' notes), which they did here on the day the interviews took place. Even if there were nondisclosed *Brady* materials, Darlington did not show that there was "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed. 2d 481 (1985) (opinion of Blackmun, J.); *see also Petrillo,* 821 F.2d at 88–89.

Finally, Darlington contends that, given his good reputation in the community, a sentence of imprisonment is excessive. The court acknowledged Darlington's good reputation before sentencing him to imprisonment of one year and one day, a sentence well below the statutory maximum of fifteen years' imprisonment and fines of $30,-000. We therefore decline to disturb the sentence. *See United States v. Tucker,* 404 U.S. 443, 446–47, 92 S.Ct. 589, 591–92, 30 L.Ed.2d 592 (1972).

Judgment affirmed.