**UNITED STATES of America**

v.

**Daniel A. OJEIKERE, Defendant.**

**No. S1 03 CR. 581(JGK).**

United States District Court, S.D. New York.

Jan. 17, 2004.

256

Tanya Miller, United States Attorney, New York City, for Plaintiff.

Jerome A. Ballarotto, Trenton, NJ, Joan Nwuli, Law Offices of Joan Nwuli, Houston, TX, for Defendant.

## OPINION and ORDER

KOELTL, District Judge.

In a superseding indictment filed on September 12, 2003, the defendant, Daniel A. Ojeikere, was charged with one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371, as well as one substantive count of wire fraud, in violation of 18 U.S.C. § 1343. The superseding indictment also contains a forfeiture allegation pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

The superseding indictment specifically alleges that, from in or about May 2002

through on or about February 26, 2003, Ojeikere and his alleged co-conspirators purported to be Nigerian citizens who were entitled to an inheritance worth approximately $17 million. Ojeikere and his co-conspirators allegedly communicated with an individual in the United States by phone and fax and induced that person to make two wire transfers totaling approximately $280,000 to an account held by CitiBank, N.A., in New York, New York. Ojeikere and his co-conspirators allegedly induced the individual to make the wire transfers by promising that the individual would receive, in return, 20% of the purported $17 million inheritance.

The defendant filed pre-trial motions seeking the following relief: "(1) immediate production of favorable and impeaching materials, such that the defense may make reasonable investigative use of these materials; (2) advance production of 18 U.S.C. § 3500 materials; (3) disclosure of all 404(b) evidence; (4) disclosure of any and all uncharged misconduct or bad acts, which prosecution may seek to introduce; (5) disclosure [of] a list of names, identities and contact information for every witness it interviewed or received information from; (6) disclosure of the prosecution's witness list; (7) disclosure of any and all 'unindicted co-conspirators' whom the government may seek to introduce statements of at trial pursuant to a hearsay exception; (8) immediate production of all expert reports and interview memorandum; (9) disclosure of all evidence the prosecution intends to use pursuant to Fed.R.Crim.P. 12(d)(2); (10) a Bill of Particulars; and (11) disclosure of the identity of all confidential informant(s)." At oral argument on the motions, the defendant's counsel withdrew the requests, contained in points one and two, for early production of any impeachment material and § 3500 material.

## I.

■ The defendant moves for the immediate disclosure of any evidence of other crimes, wrongs, or acts that the Government might seek to introduce pursuant to Federal Rule of Evidence 404(b). The defendant seeks immediate disclosure so that he can make any appropriate motions in limine to exclude such evidence.

Under Rule 404(b), the Government must provide "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of" any evidence of other crimes, wrongs, or acts that the Government intends to introduce at trial. Fed.R.Evid. 404(b). Courts in this Circuit have routinely found that at least ten business days provides reasonable notice to a defendant under Rule 404(b). *See, e.g., United States v. Heredia,* No. 02 Cr. 1246, 2003 WL 21524008, at *10 (S.D.N.Y. July 3, 2003); *United States v. Silberstein,* No. 02 Cr. 800, 2003 WL 21488024, at *7 (S.D.N.Y. June 27, 2003); *United States v. Greyling,* No. 00 Cr. 631, 2002 WL 424655, at *4 (S.D.N.Y. Mar. 18, 2002). The defendant has identified no special circumstances, other than the time needed to prepare motions to preclude such evidence, that would warrant earlier disclosure of any Rule 404(b) evidence. Indeed, the Government has represented that if it decides more than ten business days prior to trial to offer Rule 404(b) evidence, it will notify the defense of that decision at that time.

Therefore, the Government shall disclose any Rule 404(b) evidence that it intends to introduce at trial by **March 29, 2004.** Any motions in limine to preclude such evidence shall be submitted by **April 2, 2004.** The Government's responses to the motions shall be submitted by **April 6, 2004.**

## II.

The defendant requests immediate production of the names and addresses of all witnesses that the Government plans to call at trial as well as of any individuals interviewed by the Government that the Government does not plan to call as witnesses.

██ A defendant is not automatically entitled as a matter of right or under the Federal Rules of Criminal Procedure to a list of the names and addresses of the Government's witnesses prior to trial. *See United States v. Bejasa,* 904 F.2d 137, 139 (2d Cir.1990). However, it is well-established that district courts have the discretionary authority to order pretrial disclosure of the identity of the Government's witnesses. *See United States v. Cannone,* 528 F.2d 296, 300 (2d Cir.1975); *Bejasa,* 904 F.2d at 139. A defendant is entitled to disclosure of the Government's witnesses only if he makes "a *specific* showing that disclosure [is] both material to the preparation of his defense and reasonable in light of the circumstances surrounding his case." *Cannone,* 528 F.2d at 301; *see also Bejasa* 904 F.2d at 139–40. "[A]n abstract, conclusory claim" by a defendant that such disclosure is necessary is not sufficient. *Cannone,* 528 F.2d at 301–02.

██ The defendant contends that he has made a specific showing of need for disclosure of the names and addresses of the Government's witnesses prior to trial, and that there is no threat posed to any witnesses through exposure of their identities. He argues that he is charged with the nonviolent crime of wire fraud; that he is under home detention and has not been found to pose a danger to the community; that the superseding indictment alleges offenses over a "lengthy time period"; that the case involves a "complex paper trail"; that he anticipates that the Government will call numerous witnesses against him;

and that some witnesses are within the control of the Government and not available to the defense for pre-trial interviews. These contentions are the type of "abstract, conclusory claim[s]" that the Court of Appeals concluded were an insufficient basis for requiring disclosure in *Cannone.* The defendant thus has not made a specific showing why the disclosure of the Government's witness list is material to his defense. Therefore, the request for disclosure of the Government's witness list is denied.

██ For the same reasons, the defendant's request for disclosure of the names and addresses of individuals interviewed by the Government, but whom the Government does not intend to call as witnesses, is also denied. The defendant's only support for this request is the conclusory statement that he believes such persons possess facts favorable to him and supportive of his potential defenses. Such abstract, conclusory claims are not sufficient to warrant disclosure. Moreover, to the extent the defendant contends that individuals interviewed by the Government possess exculpatory information, the Government has represented that it is currently unaware of any exculpatory evidence, but that it recognizes, and will comply with, its obligation to make ongoing and timely disclosure of exculpatory material pursuant to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). This representation is sufficient. *See, e.g., United States v. Szur,* No. S5 97 Cr. 108, 1998 WL 132942, at *15 (S.D.N.Y. Mar. 20, 1998), *aff'd,* 289 F.3d 300 (2d Cir.2002); *United States v. Velasquez,* No. 96 Cr. 126, 1997 WL 414132, at *6 (S.D.N.Y. July 23, 1997); *United States v. Aguirre–Parra,* 763 F.Supp. 1208, 1216 (S.D.N.Y.1991); *see also United States v. Viertel,* No. S2 01 Cr. 571, 2002 WL 1560805, at *10 (S.D.N.Y. July 15, 2002).

■ The defendant also requests that the Government be directed to identify all individuals whose statements the Government intends to introduce as co-conspirator statements. The request is simply another way of seeking disclosure of the Government's witness list, or a request that the Government provide a bill of particulars identifying co-conspirators. For the reasons explained in greater detail below, the defendant is not entitled to that list. *See Viertel,* 2002 WL 1560805, at *12. The request is denied because the defendant has failed to provide any specific reasons why the list of witnesses is material to his defense.

For the reasons stated, the defendant's requests for disclosure of the Government's witnesses or interviewees or the identification of alleged co-conspirators are denied.

### III.

■ The defendant moves pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) for "a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Fed.R.Crim.P. 16(a)(1)(G). The Advisory Committee Notes to the 1993 Amendment to Rule 16 state: "Although no specific timing requirements are included [in the expert disclosure provisions], it is expected that the parties will make their requests and disclosures in a timely fashion."

In response to the defendant's request, the Government represents that it has not yet determined whether it will call an expert witness in this case. If the Government does intend to call any expert witnesses, the Government must provide the information required by Rule 16(a)(1)(G) no later than one month before trial-that is, by **March 12, 2004,** unless the trial is adjourned before that date. *See United States v. Lino,* No. 00 Cr. 632, 2001 WL 8356, at *21 (S.D.N.Y. Dec. 29, 2000) (requiring expert witness disclosure thirty days before trial).

### IV.

■ The defendant also makes several requests to compel the Government to comply with its discovery obligations under Rule 16 of the Federal Rules of Criminal Procedure. However, the Government represents that it has produced all of the discovery to which the defendant is entitled under Rule 16, and that it is aware that it has an ongoing obligation to produce such material. On the record before the Court, there is no basis for the Court to conclude that the Government's production was incomplete, or that its representation was made in bad faith. *See United States v. Savarese,* No. 01 Cr. 1121, 2002 WL 265153, at *2 (S.D.N.Y. Feb. 22, 2002) (denying defendant's Rule 16 discovery request on grounds that "[t]he record before the Court reveals no reason to believe that the Government has not acted reasonably and in good faith").

The defendant also sought to require the Government to preserve the handwritten notes of agents who participated in the investigation of this matter. This request may have been withdrawn because it was part of the defendant's request for the advance production of materials pursuant to 18 U.S.C. § 3500, which the defendant withdrew in view of the Government's representation that it will produce any such material the Friday before the trial is scheduled to begin, which is sufficient. In any event, the Government cites *United States v. Elusma,* 849 F.2d 76 (2d Cir. 1988), for the proposition that government agents "need not preserve such notes if the agents incorporate them into formal reports." *Id.* at 79. In this case, the

Government agreed at argument that if such notes currently exist and have not been incorporated into formal reports, those notes will be preserved. These assurances were satisfactory to the defendant and, to the extent that the motion has not been withdrawn, it is denied as moot.

Implicit in this motion could be a request pursuant to Fed.R.Crim.P. 16(a)(1)(A) for the handwritten notes of any interview of the defendant by the Government. At argument it was these notes that the defendant argued were of particular interest to him. The Government indicated that it had already produced one set of notes for the interview, and that an agent who was present did not take notes. The Government should assure that if it possesses any notes of any other participant in the interview, those notes have also been produced.

## V.

■ The defendant also moves for a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. Specifically, the defendant seeks disclosure of the identities of the unnamed co-conspirators in the superseding indictment, any information concerning additional overt acts not identified in Count One of the superseding indictment, and the names of any victims the Government will seek to prove that the defendant defrauded.

As an initial matter, the Court notes that the defendant's failure to file an affidavit as required by Local Criminal Rule 16.1 is a sufficient basis on which to deny

his motion for a bill of particulars.[1] *See, e.g., United States v. Morales,* 280 F.Supp.2d 262, 273 (S.D.N.Y.2003). Indeed, it was apparent at the argument of the motions that the parties have worked cooperatively and constructively in an effort to provide discovery to the defense and resolve disputes.

■ The decision whether to grant a bill of particulars pursuant to Rule 7(f) rests with the sound discretion of the district court. See *United States v. Cephas,* 937 F.2d 816, 823 (2d Cir.1991); *United States v. Panza,* 750 F.2d 1141 (2d Cir. 1984); *United States v. Strawberry,* 892 F.Supp. 519, 526 (S.D.N.Y.1995). The purpose of a bill of particulars is to enable a defendant "to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky,* 820 F.2d 572, 574 (2d Cir. 1987). A bill of particulars is required "only when the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Torres,* 901 F.2d 205, 234 (2d Cir.1990) (citation omitted); *see also Cephas,* 937 F.2d at 823; *Panza,* 750 F.2d at 1148. The Government may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the defendant committed the crimes charged, or a preview of the Government's evidence or legal theories. See *United States v. Mitlof,* 165

---

1. Local Criminal Rule 16.1 provides as follows:

No motion addressed to a bill of particulars or answers or to discovery and inspection shall be heard unless counsel for the moving party files with the court simultaneously with the filing of the moving papers an affidavit certifying that said counsel has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the court and has been unable to reach such an agreement. If some of the issues raised by the motion have been resolved by agreement, the affidavit shall specify the issues remaining unresolved.

F.Supp.2d 558, 569 (S.D.N.Y.2001) (collecting cases). "Generally, if the information sought by the defendant is provided in the indictment or in some acceptable alternate form, no bill of particulars is required." *Bortnovsky,* 820 F.2d at 574; *see United States v. Barnes,* 158 F.3d 662, 665 (2d Cir.1998); *see also Szur,* 1998 WL 132942, at *11.

■ In this case, the defendant is not entitled to a bill of particulars. The superseding indictment lays out the alleged offenses with sufficient particularity. Moreover, the information contained in the superseding indictment is supplemented by a detailed criminal complaint. The information in the superseding indictment has been further supplemented by ongoing discovery in this case. The superseding indictment, the complaint, and the other information disclosed to the defendant explain the specific acts of which the defendant is accused in sufficient detail that he can prepare for trial, avoid surprise, and interpose a plea of double jeopardy if warranted. In this light, the defendant's request for a bill of particulars is merely "an impermissible attempt to compel the Government to provide the evidentiary details of its case." *United States v. Biaggi,* 675 F.Supp. 790, 810 (S.D.N.Y.1987).

Moreover, "demands for particular information with respect to where, when, and with whom the Government will charge the defendant with conspiring are routinely denied." *United States v. Trippe,* 171 F.Supp.2d 230, 240 (S.D.N.Y. 2001) (collecting cases). The information that the defendant seeks is not necessary in this case to accomplish any valid purpose of a bill of particulars. *See, e.g., Torres,* 901 F.2d at 233–34 (upholding district court's denial of bill of particulars where defendant had requested, in part, "the identity of other persons 'known and unknown' as alleged in … the indict-

ment"); *United States v. Reinhold,* 994 F.Supp. 194, 200–01 (S.D.N.Y.1998) (denying defendants' motion for a bill of particulars that sought "identification of alleged co-conspirators who have not been named in the Indictment"); *United States v. Muyet,* 945 F.Supp. 586, 599 (S.D.N.Y. 1996) (holding that where Indictment and pretrial discovery had provided sufficient information to defense, "[t]he defendants are not entitled to a bill of particulars setting forth the 'whens,' 'wheres,' and 'with whoms' regarding the … conspiracy."); *United States v. Jimenez,* 824 F.Supp. 351, 363 (S.D.N.Y.1993) (denying defendants' requests for a bill of particulars detailing "the 'whens' 'wheres' and 'with whoms' of acts and participation in the charged conspiracy"). Therefore, the defendant is not entitled to a bill of particulars concerning these issues.

The defendant's motion for a bill of particulars is denied.

## VI.

The defendant requests disclosure of the identity of the confidential informant in this case. The defendant contends that the identity of the confidential informant "may provide some insight" into the reasons why the superseding indictment charges only Ojeikere, and not the unnamed alleged co-conspirators.

■ "The defendant bears the burden of establishing the need for disclosure of an informant's identity." *Jimenez,* 824 F.Supp. at 364. The Court of Appeals for the Second Circuit has held that the Government is not required to identify a confidential informant "unless the informant's testimony is shown to be material to the defense." *United States v. Saa,* 859 F.2d 1067, 1073 (2d Cir.1988). In order to demonstrate such materiality, the defendant must show more than the fact that "the

informant was a participant in and witness to the crime charged." *Id.*

■ In this case, the defendant has not made a sufficient showing that the confidential informant's testimony would be material to his defense. The defendant's assertion that the confidential informant might provide insight into why the Government charged Ojeikere alone, and not his alleged co-conspirators, is not sufficient. Moreover, the Government represents that the confidential informant is mentioned in only one paragraph of the search warrant application, a paragraph that states only that, according to the confidential information, Ojeikere was "known" for conducting advance fee schemes. The defendant has not shown why the confidential informant's identity would add materially to his defense; rather, he simply speculates about what further information the informant might be able to provide. Therefore, the defendant's request to have the Government produce the identities of any confidential informants is denied.

## CONCLUSION

For the reasons stated above, the defendant's motions are denied, except as indicated above.

**SO ORDERED.**