12-992-cr
*United States v. Artis*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand thirteen.

PRESENT:

GUIDO CALABRESI,
DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,

*Circuit Judges.*

————————————————————————————

UNITED STATES OF AMERICA,

*Appellee*,

-v.-                                                                  No. 12-992-cr

FLOYD ARTIS,

*Defendant-Appellant.*

————————————————————————————

ROBERT J. BOYLE, Law Offices of Robert J. Boyle, New York, New York, *for Defendant-Appellant*.

NANCY J. CRESWELL, GREGORY L. WAPLES, Assistant United States Attorneys, *for* Tristram J. Coffin, United States Attorney for the District of Vermont, Burlington, Vermont, *for Appellee*.

1

Appeal from a judgment of the United States District Court for the District of Vermont (Christina Reiss, *Chief Judge*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Floyd Artis appeals from a judgment of conviction, entered March 7, 2012, following a jury trial for conspiracy to distribute heroin and 28 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(B), 846, and 851. Artis makes three claims on appeal: (1) that the evidence was legally insufficient to support his conviction; (2) that the district court erred in not requiring the government to produce notes from a witness interview pursuant to Federal Rule of Criminal Procedure 26.2 and the Jencks Act, 18 U.S.C. § 3500; and (3) that the district court erred in not excluding a witness's statement as hearsay. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

\*   \*   \*

1. *Sufficiency of the Evidence*

"We review *de novo* a challenge to sufficiency of the evidence." *United States v. Naiman*, 211 F.3d 40, 46 (2d Cir. 2000). It is well-established that a defendant seeking to overturn a conviction on a sufficiency challenge faces a heavy burden. *United States v. Gaskin*, 364 F.3d 438, 459 (2d Cir. 2004). We "must affirm if the evidence, when viewed in its totality and in the light most favorable to the government, would permit any rational jury to find the essential elements of the crime beyond a reasonable doubt." *United States v. Geibel*, 369 F.3d 682, 689 (2d Cir. 2004). We "credit[] every inference that the  jury might have drawn in favor of the government," *United States*

*v. Walker*, 191 F.3d 326, 333 (2d Cir. 1999), and assume that the jury resolved all disputes over witness credibility in favor of the government, *Gaskin*, 364 F.3d at 460.

To prove Artis conspired to distribute heroin and 28 grams or more of cocaine base, the government had to show that Artis "agreed with another to commit the offense; that he knowingly engaged in the conspiracy with the specific intent to commit the offenses that were the objects of the conspiracy; and that an overt act in furtherance of the conspiracy was committed." *United States v. Monaco*, 194 F.3d 381, 386 (2d Cir. 1999) (internal quotation marks omitted). Having reviewed the evidence, we conclude that a rational jury could have found each of these elements satisfied. Multiple witnesses testified to Artis's central role in a drug dealing conspiracy, and additional documentary evidence, including cell phone data, rental car receipts, and wire transfers corroborated the witness testimony. Artis argues that each of the government's witnesses had motivation to lie and that the evidence indicates that the witnesses were actually seasoned drug dealers who framed him. However, a rational jury could have credited the government's witnesses, drawn inferences in the government's favor, and rejected Artis's alternate theory. *See United States v. Martinez*, 54 F.3d 1040, 1042–43 (2d Cir. 1995) ("The government's case need not exclude every possible hypothesis of innocence, and it is the task of the jury, not the court, to choose among competing inferences." (internal quotation marks and citations omitted)).

Artis suggests that no rational jury could have convicted him of the charged conspiracy because "[n]o drugs were recovered and no expert testimony [was] presented concerning what substance(s) were actually possessed and/or distributed by the alleged co-conspirators." Appellee's Br. at 34–35. As we have said, however, "[l]ay testimony and circumstantial evidence may be sufficient, without the introduction of an expert chemical analysis, to establish the identity of the

3

substance involved in an alleged narcotics transaction." *United States v. Bryce*, 208 F.3d 346, 353 (2d Cir. 1999) (quoting *United States v. Dolan*, 544 F.2d 1219, 1211 (4th Cir. 1976)); *see also Gaskin*, 364 F.3d at 460 ("[N]either actual drug exhibits nor reports of chemical analysis are required to support a conviction for possession of a controlled substance."). Here, the witnesses testified to the appearance of the alleged drugs, the method of preparation, the effects the drugs had on experienced users, the high price paid for the drugs, and the fact that Artis referred to the substances using names of illegal narcotics. *See Bryce*, 208 F.3d at 353–54. Similarly, witness testimony regarding the quantity of drugs supports the jury's determination that Artis conspired to distribute in excess of 28 grams of cocaine base. Accordingly, Artis's challenge to the sufficiency of the evidence fails.

2. *Jencks Act*

Artis next argues that the district court improperly applied the Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2 when, after *in camera* review of an Assistant United States Attorney's ("AUSA") interview notes of Colleen Chapman, a government witness, the court concluded that the notes need not be produced to the defense. We disagree.

The Jencks Act and Rule 26.2 require the government to turn over witness statements to the defendant if certain conditions are met. The Act provides:

> After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

18 U.S.C. § 3500(b); *see also* Fed. R. Crim P. 26.2 (providing for similar production of witness

4

statements). Statements for the purposes of both the Jencks Act and Rule 26.2 include:

> (1) a written statement made by said witness and signed or otherwise adopted or approved by him;
> (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or
> (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

18 U.S.C. § 3500(e); *see also* Fed. R. Crim. P. 26.2(f).  As we have said before, a "district court's ruling that documents do not contain Jencks Act material cannot be overturned absent a clear showing of abuse of discretion." *United States v. Koskerides*, 877 F.2d 1129, 1133 (2d Cir. 1989).

A statement that has been "signed or otherwise adopted or approved" by a government witness "is not rendered nonproducible because a Government lawyer interviews the witness and writes the 'statement.'" *Goldberg v. United States*, 425 U.S. 94, 98 (1976).  Having reviewed the AUSA's notes from her pre-grand jury interview with the witness Colleen Chapman, however, we conclude that the district court did not abuse its discretion in determining that the notes did not contain any Jencks Act material. The ten pages of handwritten notes, dated April 22, 2010, consist of a series of short sentence fragments and shorthand comments, including the AUSA's summary impressions of the interview, but are not signed by Chapman and contain no direct quotes from Chapman.  Moreover, Chapman never testified that she adopted, approved, signed, or even reviewed the notes.  Thus, because the notes were not shown to be "signed or otherwise adopted or approved" by Chapman and are not a substantially verbatim recital of Chapman's words, the notes do not qualify as a statement under either the Jencks Act or Rule 26.2, and the district court did not abuse its discretion in not ordering their production. *See Palermo v. United States*, 360 U.S. 343, 352–53 (1959) (holding Jencks Act reaches "only those statements which could properly be called the

5

witness' own words," including statements that "could fairly be deemed to reflect fully and without distortion what had been said to the government agent," but not "summaries of an oral statement which evidence substantial selection of material"); *cf. United States v. Scotti*, 47 F.3d 1237, 1249 (2d Cir. 1995).

3. *Evidentiary Challenge*

Lastly, Artis claims that the district court committed reversible error by not excluding as hearsay the statement of Mandy Blanchard that, after she was arrested in September 2010 while driving a car in which drugs were hidden, she received a copy of a letter from a passenger in the vehicle that was addressed to a court and in which the passenger admitted that the drugs belonged to him. Blanchard was called by the defense during its case-in-chief in an attempt to prove that it was she, not Artis, who headed the Rutland drug conspiracy. The defense offered the September 2010 arrest to show that Blanchard was still "running drugs" fifteen months after Artis's arrest.

A declarant's out-of-court statement constitutes hearsay if it is "offer[ed] in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Under the Federal Rules of Evidence, "[h]earsay is admissible only if it falls within an enumerated exception." *United States v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013). However, even if a district court erroneously admits evidence, "we will not order a new trial . . . if we conclude that the error was harmless." *United States v. Abreu*, 342 F.3d 183, 190 (2d Cir. 2003). "In conducting a harmless error review of inadmissible evidence, we consider the following factors: (1) the overall strength of the prosecution's case; (2) the prosecutor's conduct with respect to the improperly admitted evidence; (3) the importance of the wrongly admitted evidence; and (4) whether such evidence was cumulative of other properly admitted evidence." *United States v. Al-Moayad*, 545 F.3d 139, 164 (2d Cir. 2008) (internal quotation marks and brackets omitted).

6

Assuming *arguendo* that the statement was hearsay and that Artis preserved this evidentiary objection at trial, we hold that any error in the admission of Blanchard's statement was harmless. Whether Blanchard possessed drugs fifteen months after Artis's arrest was entirely collateral to the question of whether *Artis* possessed and distributed drugs during the relevant time period. The defense's attempt to impeach a witness by inquiring about her prior arrest was far removed from the merits of the case, which were in an case quite strong. Here, numerous witnesses testified that Artis played a key role in the drug distribution ring, contradicting Artis's theory that he was not involved in the distribution of drugs and that Blanchard headed up the conspiracy. This testimony was corroborated by extensive documentary evidence and by Artis's admission that he had been dealing drugs in Vermont. The testimony at issue related to an incident that took place approximately fifteen months after Artis was arrested in connection with the charged conspiracy and was "unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record." *United States v. Paulino*, 445 F.3d 211, 219 (2d Cir. 2006) (internal quotation marks omitted). Accordingly, any error was harmless.

We have reviewed Artis's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7